Filed 4/15/15  In re Sean S. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re SEAN S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SEAN S.,<br><br>        Defendant and Appellant. | A138644<br><br>(Contra Costa County<br>Super. Ct. No. J13-00366) |

Sean S. appeals from an order adjudging him a ward of the juvenile court and committing him to the Orin Allen Youth Rehabilitation Facility (OAYRF) for a 12-month program, plus an additional 90-day conditional release/parole period, together with standard conditions of probation.  His counsel has asked this court for an independent review of the record to determine whether there are any arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.)  After review of the record, we find no error and find sufficient evidence to sustain the juvenile court's findings and, accordingly, affirm.

A juvenile wardship petition pursuant to Welfare and Institutions Code section 602 was filed, alleging that the minor committed second degree felony robbery (Pen. Code, §§ 211, 212.5, subd. (c).)  At the contested jurisdictional hearing, evidence was adduced that the minor, along with several other individuals, robbed the victim as he was walking home after work.  Detective Robert Meads testified that he gave the minor

1

the standard *Miranda*[1] admonishments. The minor acknowledged that he understood his rights. The minor then began speaking with the officer. The juvenile court found that there was an implied *Miranda* waiver and allowed the officer to testify as to the minor's statements. The officer testified that the minor admitted to driving a car, in which three of his friends were passengers. The minor admitted to stopping the car at the request of one his friends, but denied having any knowledge that a robbery had occurred.

Based on the testimony of the victim, the court found that each juvenile was a principal in the robbery. Accordingly, the court sustained the petition and, following the recommendations of the probation department, committed the minor to the OAYRF. This appeal followed.

The minor was represented by counsel and received a fair hearing. First, the court properly found an implied *Miranda* waiver. Second, substantial evidence supports the juvenile court's finding sustaining the allegation that the minor committed a violation of Penal Code sections 211 and 212.5, subdivision (c). There was no error in the disposition. There are no meritorious issues to be argued on appeal.

The order declaring the minor to a ward of the court and committing him the OAYRF is affirmed.

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

_____
Reardon, J.

We concur:


_____
Ruvolo, P. J.


_____
Rivera, J.